# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONYA DOUGLAS, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | JURY TRIAL DEMANDED |
| FAMILY DOLLAR STORES OF TEXAS, | § | |
| LLC, | § | |
|     *Defendant.* | § | |

**DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S
INDEX OF MATTERS BEING FILED**

Pursuant to Local Rule CV-81, Defendant FAMILY DOLLAR STORES OF TEXAS, LLC hereby attaches this Index of Matters Being Filed to its Notice of Removal.

Exhibit 1:    All Executed Process

- Executed Service of Process on Family Dollar Stores of Texas, LLC on November 10, 2020

Exhibit 2:    All State Court Pleadings

- Plaintiff's Original Petition filed November 5, 2020;
- Defendant Family Dollar Stores of Texas, LLC's Original Answer filed December 3, 2020; and
- Defendant Family Dollar Stores of Texas, LLC's Jury Demand filed December 3, 2020.

Exhibit 3:    State Court Docket Sheet

Exhibit 4:    List of all counsel of record, including addresses, telephone numbers and parties represented

# EXHIBIT 1

*Executed Service of Process*

11/16/2020 3:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48136972
Receipt Number: 880987   By: Mercedes Ramey
Tracking Number: 73805841 11/16/2020 3:49 PM

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202071257

| | |
|---|---|
| PLAINTIFF: DOUGLAS, TONYA | In the 270th Judicial |
| vs. | District Court of |
| DEFENDANT: FAMILY DOLLAR STORES OF TEXAS LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: FAMILY DOLLAR STORES OF TEXAS LLC MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY

211 E 7TH STREET SUITE 620

AUSTIN TX 78701-3136

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on November 5, 2020, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this November 5, 2020.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: PATRICIA JONES

Issued at request of:
SANES, SCOTT A.
11200 W. BROADWAY ST. STE 2705
PEARLAND, TX  77584
713-799-8400

Bar Number: 17630600



*AFFIDAVIT ATTACHED*

Certified Document Number: 93121758 - Page 1 of 2

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Harris**                    **270th Judicial District Court**

Case Number: 202071257

Plaintiff:
**TONYA DOUGLAS**

vs.

Defendant:
**FAMILY DOLLAR STORES OF TEXAS, LLC**

Received these papers on the 9th day of November, 2020 at 3:15 pm to be served on **FAMILY DOLLAR STORES OF TEXAS LLC care of its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY, 211 E 7th Street, Suite 620, Austin, Travis County, TX 78701.**

I, Thomas Kroll, being duly sworn, depose and say that on the **10th day of November, 2020 at 10:05 am, I:**

hand delivered to **FAMILY DOLLAR STORES OF TEXAS LLC**, a true copy of this **Citation together with Plaintiff's Original Petition,** by delivering to its Registered Agent, **CORPORATION SERVICE COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY,** by and through its designated agent, **SAMANTHA GUERRA,** at the address of: **211 E 7th Street, Suite 620, Austin, Travis County, TX 78701,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 10th day of
November, 2020 by the affiant who is personally known
to me.



NOTARY PUBLIC

Helen Broussard
My Commission Expires
11/04/2023
ID No. 130429627

Thomas Kroll
PSC - 3012, Exp. 8/31/2021

Our Job Serial Number: THP-2020006082
Ref: 5053354

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t





I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 3, 2020

Certified Document Number:        93121758 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT 2

*State Court Pleadings*

11/5/2020 9:48 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47832617
By: Patricia Jones
Filed: 11/5/2020 9:48 AM

CAUSE NO. _____

| | | |
|---|---|---|
| TONYA DOUGLAS | § | |
| *Plaintiff* | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS, LLC | § | |
| *Defendant* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, TONYA DOUGLAS complaining of Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, referred to as "Defendant", and for cause of action Plaintiff would respectfully show unto the Court and Jury the following:

### I. DISCOVERY CONTROL PLAN

1.      Pursuant to TEX. R. CIV. P. 190, discovery in this case is intended to be conducted under level 2.

### II. PARTIES

2.      Plaintiff is a resident citizen of Harris County, Texas.

3.      Defendant FAMILY DOLLAR STORES OF TEXAS, LLC is a Foreign Limited Company registered to do business in the State of Texas and may be served with process by serving its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

### III. VENUE & JURISDICTION

4.      Plaintiff would show that venue is proper in Harris County, Texas under the provisions of Tex. Civ. Prac. & Rem. Code, Ch. 15, §15.001, et seq., because all or a substantial

part of the events or omissions giving rise to the suit occurred in Harris County, Texas and because the Defendant conducts business in Harris County, Texas.

## IV.  FACTS OF CASE

5.      It has become necessary to bring this lawsuit by reason of injuries and damages suffered by Plaintiff, on or about April 18, 2020 at approximately 6:15 p.m., while an invitee at the Family Dollar Store owned and operated by the Defendant and located at 3508 S. Dairy Ashford Road, Houston, Texas 77082, entered the store and slipped in a pool of rainwater by the front door. Defendant did not provide a water absorbent rug of sufficient size at the entrance when they knew, or in the exercise of reasonable care should have known, that water would be collecting on the entrance floor because of the rain. Plaintiff suffered injuries to her body generally and specifically multiple fractures to her arm.  At all times material hereto, the subject premises were owned and/or operated by Defendant.

6.      As a business invitee, Defendant owed Plaintiff a duty to exercise ordinary care to prevent her from getting injured by dangerous conditions or activities on their premises of which they knew or, in the exercise of reasonable care, should have known.  Further, said Defendant failed to properly inspect and maintain the premises and failed to remedy and/or warn of said dangerous condition.

## V.  CAUSES OF ACTION

7.      Plaintiff brings this suit against Defendant as a result of injuries and damages she suffered as a result of the negligent acts and/or omissions of Defendant through their employees acting in the course and scope of their employment, which is inclusive of, but is not limited to, the following:

a)      In failing to properly place an adequate water absorbent rug at the entrance of its premises during a rain storm;

2

b)      In failing to make sure to warn invitees walking in the premises of the dangerous condition of rain water;

c)      In failing to continually have the entrance inspected for dangerous conditions during the rain storm;

d)      In failing to remedy the dangerous condition that it knew of, or in the exercise of ordinary care, should have known was present on the premises;

e)      In creating a dangerous condition that it knew of, or in the exercises of ordinary care, should have known was present on the premises;

f)      In failing to warn persons similarly situated to your Plaintiff, including your Plaintiff, of the dangerous condition located on said premises;

g)      In failing to supervise and/or train employees;

h)      In failing to warn of looming danger;

i)      In allowing the dangerous activity of patrons entering their store with rainwater in the entrance and an inadequate rug provided to prevent a slippery, dangerous condition; and

j)      In more particularity to be shown at trial.

8.      Each and all of the above and foregoing acts on the part of the Defendant, both of omission and commission, were negligent and constituted negligence and negligence per se, and were each and all a proximate cause of the occurrence in question and the injuries and damages suffered by your Plaintiff. All acts and omissions of the employees of Defendant are attributable to the Defendants under the legal theory of Respondeat Superior.

9.      All conditions precedent to Plaintiff's cause of action have been performed or have occurred.

## VI. DAMAGES

10.     Plaintiff has been damaged as a result of the occurrence made the basis of this lawsuit and the negligence of the Defendant.  Plaintiff has suffered all legal elements of damages

recognized by law, including, without limitation, physical pain and mental anguish, physical impairment, disfigurement, loss of ability to perform household services, loss of earnings and earning capacity and has incurred reasonable and necessary medical bills and expenses and will, in all reasonable probability, continue to suffer some or all of said legal elements of damages in the future beyond the date of trial of this cause.

11.     Accordingly, Plaintiff maintains this suit against Defendant for the foregoing legal elements of damages in an amount within the jurisdictional limits of this Honorable Court, to be determined under the sound discretion of a jury, plus pre-judgment and post-judgment interest, over $200,000.00 but less than $1,000,000.00.

**JURY DEMAND**

Plaintiff requests a trial by jury.

**PRAYER**

WHEREFORE, Plaintiff prays that Defendant be cited in terms of law to appear and answer herein, and that upon final trial hereof, she have judgment as prayed for against Defendant; that she have pre-judgment interest on said judgment as authorized by law; interest on said judgment at the legal rate from date of entry until paid; cost of court; and all such other and further relief, general or special, legal or equitable, to which she may show herself justly entitled and for which she will ever pray.

4

Respectfully submitted,

SANES & LARKIN LAW FIRM, LLP

*/s/ Scott A. Sanes*
_____
Scott A. Sanes
State Bar No. 17630600
Pearland Town Center -Offices East
11200 Broadway, Suite 2705
Pearland, TX  77584
713-799-8400 Telephone
888-328-7060 Facsimile
Email:  scott@saneslarkin.com
**ATTORNEY FOR PLAINTIFF**


RICE & RICE

*/s/ Robert T. Rice*
_____
Robert T. Rice
State Bar No.:  16835200
100 N. Velasco St.
Angleton, Texas 77515
(979) 864-3000 (Telephone)
(979) 849-1124 (Facsimile)
Email:  robert@ricelaw.com
**ATTORNEY FOR PLAINTIFF**

12/3/2020 8:11 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48585508
By: Mercedes Ramey
Filed: 12/3/2020 8:11 AM

CAUSE NO. 2020-71257

| | | |
|---|---|---|
| TONYA DOUGLAS | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 270TH JUDICIAL DISTRICT |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, | § | |
| LLC. | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S ORIGINAL ANSWER

Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, ("FAMILY DOLLAR") hereby files its Original Answer to Plaintiff's Original Petition as follows:

## I.
## GENERAL DENIAL

1.      FAMILY DOLLAR denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

## II.
## INFERENTIAL REBUTTALS

2.      Notwithstanding the foregoing, FAMILY DOLLAR asserts the following by way of inferential rebuttal and requests that the Court instruct the jury as follows:

a.  ***New and Independent Cause / Superseding Intervening Cause***.  The alleged damages in question as set forth in the Petition were caused by the conduct of Plaintiff, and that said conduct destroyed any causal connection between the alleged acts or omissions of FAMILY DOLLAR and the injuries complained of

thus becoming an independent, superseding, or intervening cause of the Plaintiff's alleged damages.

b. ***Sole Proximate Cause***. The act(s) or omission(s) of Plaintiff or a third party was the sole cause of the damages she alleges in the Petition and therefore, FAMILY DOLLAR is not liable to the Plaintiff.

## III.
## <u>AFFIRMATIVE DEFENSES</u>

3.      Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR asserts that any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid and mitigate the claimed damages.

4.      Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR asserts that in the unlikely event that an adverse judgment would be rendered against it, DOLLAR TREE would respectfully request all available credits and/or offsets as provided by the Texas Civil Practice & Remedies Code and under Texas law.

5.      FAMILY DOLLAR hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Original Answer to assert such defenses.

6.      Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR asserts that in addition to any other limitation under law, Plaintiff's recovery of medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code.

7.      Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR hereby affirmatively pleads that Plaintiff engaged in acts, including acts of negligence, which caused Plaintiff's alleged damages. Therefore, Plaintiff is barred, in whole or in part, from recovering any damages from FAMILY DOLLAR.

8.      Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR hereby requests that the trier of fact in this matter, after a trial on the merits, consider and determine the percentage of responsibility of Plaintiff and any other party or responsible third party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

9.      Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR asserts that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences.   FAMILY DOLLAR further asserts that Plaintiff's claims of injuries and damages are the result in whole or in part of pre-

existing conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of FAMILY DOLLAR.

10.     Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR alleges that the accident made the basis of this lawsuit was just that, an accident, not caused by the negligence of any party.

11.     By way of affirmative defense, Plaintiff's claims, if any, for lost wages and/or loss of future earning capacity are barred, limited, restricted, and/or governed by the provisions of the Texas Civil Practice & Remedies Code Chapter 18, and any other applicable statute concerning the recovery of damages and the common law of Texas and limiting same to the net loss after reduction for income tax payments or unpaid tax liability thereon. Accordingly, FAMILY DOLLAR specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 18 and other applicable law.

**PRAYER**

12.     Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, prays that Plaintiff take nothing by her lawsuit, that FAMILY DOLLAR go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which FAMILY DOLLAR may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**

4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
713.487.2000 / Fax 713.487.2019

By: *Kevin P. Riley*

Kevin P. Riley
State Bar No. 16929100
E-mail: kriley@mayerllp.com
Raul I. Saenz
State Bar No. 24093092
E-mail: rsaenz@mayerllp.com

ATTORNEYS FOR DEFENDANT
FAMILY DOLLAR STORES OF TEXAS, LLC

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of December 2020, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Scott A. Sanes                         ☒E-MAIL AND/OR E-SERVICE
SANES & LARKIN LAW FIRM LLP
11200 Broadway, Suite 2705            ☒E-MAIL AND/OR E-SERVICE
Pearland, Texas 77584
Email: scott@saneslarkin.com
ATTORNEY FOR PLAINTIFF

Robert T. Rice
RICE & RICE
100 N. Velasco Street
Angleton, Texas 77515
Email: robert@ricelaw.com
ATTORNEY FOR PLAINTIFF

*Raul I. Saenz*

Raul I. Saenz

12/3/2020 8:14 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48585672
By: Kevin Childs
Filed: 12/3/2020 8:14 AM

CAUSE NO. 2020-71257

| | | |
|---|---|---|
| TONYA DOUGLAS | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 270TH JUDICIAL DISTRICT |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, | § | |
| LLC. | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S JURY DEMAND

Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, hereby formally makes this demand for a Jury Trial in the above-referenced cause.

Respectfully submitted,

**MAYER LLP**
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
713.487.2000 / Fax 713.487.2019

By:____*Raul I. Saenz*_____
  Kevin P. Riley
  State Bar No. 16929100
  E-mail: kriley@mayerllp.com
  Raul I. Saenz
  State Bar No. 24093092
  E-mail: rsaenz@mayerllp.com

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 3ʳᵈ day of December 2020, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

<table>
<tr>
<td>Scott A. Sanes<br>SANES & LARKIN LAW FIRM LLP<br>11200 Broadway, Suite 2705<br>Pearland, Texas 77584<br>Email: scott@saneslarkin.com<br><br>**ATTORNEY FOR PLAINTIFF**</td>
<td>☒E-MAIL AND/OR E-SERVICE<br>☐HAND DELIVERY<br>☐FACSIMILE<br>☐OVERNIGHT MAIL<br>☐REGULAR, FIRST CLASS MAIL<br>☐ECM<br>☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED</td>
</tr>
<tr>
<td>Robert T. Rice<br>RICE & RICE<br>100 N. Velasco Street<br>Angleton, Texas 77515<br>Email: robert@ricelaw.com<br><br>**ATTORNEY FOR PLAINTIFF**</td>
<td>☒E-MAIL AND/OR E-SERVICE<br>☐HAND DELIVERY<br>☐FACSIMILE<br>☐OVERNIGHT MAIL<br>☐REGULAR, FIRST CLASS MAIL<br>☐ECM<br>☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED</td>
</tr>
</table>

*Raul I. Saenz*
_____
Raul I. Saenz

# EXHIBIT 3

*State Court Docket Sheet*

Harris County Docket Sheet

# 2020-71257

**COURT:**   270th

**FILED DATE:**   11/5/2020

**CASE TYPE:**   Other Injury or Damage



### DOUGLAS, TONYA

Attorney: SANES, SCOTT ADAM

### vs.

### FAMILY DOLLAR STORES OF TEXAS LLC

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

# EXHIBIT 4

*List of All Counsel of Record*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONYA DOUGLAS, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | JURY TRIAL DEMANDED |
| FAMILY DOLLAR STORES OF TEXAS, LLC, | § | |
| | § | |
|    *Defendant.* | § | |

## COUNSEL OF RECORD AND INFORMATION PURSUANT TO LOCAL RULE CV-81(C)

(1)     A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);

> *Plaintiff*     Tonya Douglas

> *Defendant*     Family Dollar Stores of Texas, LLC

The removed case is currently pending.

(2)     A civil cover sheet and a certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g. complaints, amended complaints, supplemental complaints, counterclaims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

> See attached civil cover sheet and documents attached to Defendant's Notice of Removal as *Exhibit "A*."

(3)     A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

<table>
<tr><td>

**SANES & LARKIN LAW FIRM LLP**
Scott A. Sanes
State Bar No. 17360600
Email: scott@saneslarkin.com
11200 Broadway, Suite 2705
Pearland, Texas 77584
713.799.8400 / 888.328.7060 – fax


AND

**ROBERT & RICE**
Robert T. Rice
State Bar No. 16835200
Email: robert@ricelaw.com
100 N. Velasco Street
Angleton, Texas 77514
979.864.3000 / 979.849.1124 – fax


*Counsel for Plaintiff*

</td><td>

**MAYER LLP**
Kevin P. Riley
State Bar No. 16929100
Southern Bar No. 13776
Email: kriley@mayerllp.com
Raul I. Saenz
State Bar No. 24093092
Southern Bar No. 2924208
Email: rsaenz@mayerllp.com
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
713.487.2000/713.487.2019 – fax


*Counsel for Defendant*
**FAMILY DOLLAR STORES OF TEXAS, LLC**

</td></tr>
</table>

(4)     A record of which parties have requested a trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number);

Defendant, Family Dollar Stores of Texas, LLC has requested a trial by jury.

(5)     The name and address of the court from which the case is being removed.

270th Harris County District Court
Judge Dedra Davis
Harris County Civil Courthouse
201 Caroline, 13th Floor
Houston, Texas 77002
832.927.2270